Filed 8/24/22  P. v. A.L. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.L.,<br><br>    Defendant and Appellant. | 2d Crim. No. B316002<br>(Super. Ct. No. KJ41271)<br>(Los Angeles County) |

A.L. appeals from the finding that he violated a condition of probation.  He contends the evidence was insufficient to show that he knowingly did so.  We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In December 2020, A.L. admitted that he committed misdemeanor battery.  (Pen. Code, § 242.)  The juvenile court ordered him placed home on probation, a condition of which was that he not "knowingly use or possess illegal drugs or mind[-]altering substances except as prescribed by a physician."  Over the following four months, A.L. violated the conditions of his

probation several times.  The juvenile court revoked his probation and ordered him suitably placed.

In August 2021, A.L. was taken to the hospital after a suspected opioid overdose.  He met with his probation officer later that day.  During the meeting A.L. said that he had taken a pill another student had given him.  The student had given him similar pills previously, but A.L. had thrown them in the toilet.  A.L. said that he took the pill this time because he had been "stressed."  He said that this was his second fentanyl overdose.

At a subsequent meeting, the probation officer told A.L. that he believed he was under the influence of a controlled substance at their prior meeting.  A.L. admitted that he was.

A.L. was charged with and the juvenile court found true that he knowingly ingested fentanyl.  It ordered A.L.'s suitable placement order to remain in effect.

## DISCUSSION

A.L. contends the evidence was insufficient to show that he knowingly ingested fentanyl.  We disagree.

"'[W]e review the entire record in the light most favorable to the [juvenile court's findings] to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find" (*People v. Avila* (2009) 46 Cal.4th 680, 701), by a preponderance of the evidence (*In re Eddie M.* (2003) 31 Cal.4th 480, 486), that A.L. knowingly violated a probation condition (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982).  We draw all reasonable inferences in favor of the findings made by the court below, and presume the existence of every fact the court could reasonably deduce from the evidence.  (*People v. Maciel* (2013) 57 Cal.4th 482, 515.)  But it is immaterial whether we

2

would have drawn those same inferences (*People v. Solomon* (2010) 49 Cal.4th 792, 811-812); our job is not to reweigh the evidence or reevaluate witness credibility (*People v. Jones* (1990) 51 Cal.3d 294, 314).

Substantial evidence supports the juvenile court's finding that A.L. knowingly ingested fentanyl. Knowledge of a drug's narcotic character may be inferred from evidence of prior possession (*People v. Pijal* (1973) 33 Cal.App.3d 682, 691) or use of that drug (*People v. Tripp* (2007) 151 Cal.App.4th 951, 956). Knowledge may also "'be inferred from the accused's conduct or statements at or near the time of [their] arrest.'" (*People v. Eckstrom* (1986) 187 Cal.App.3d 323, 331.)

Here, A.L. admitted that he had previously possessed, used, and overdosed on fentanyl. He admitted that he ingested a pill given to him by another student on the day of that overdose— a pill similar to those he had previously thrown down the toilet. And he admitted that he was under the influence on the day of the overdose. From these admissions, it was reasonable for the juvenile court to infer that A.L. knowingly ingested fentanyl.[1]

---

[1] We deny the Attorney General's requests for judicial notice because they are unnecessary to our decision. (See *People v. Doane* (2021) 66 Cal.App.5th 965, 969, fn. 1.)

DISPOSITION

The juvenile court's jurisdictional and dispositional orders are affirmed.

NOT TO BE PUBLISHED.

PERREN, J.*

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Steven E. Ipson, Commissioner

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.